# N. Y. COMMON PLEAS.

Wm. E. Maguin, plaintiff and respondent, agt. Solomon D. Rosenthal, as a city marshal, defendant and appellant.

*Execution — Levy — Agreement to pay keeper's fees, when valid.*

Keeper's fees not being a service for which any fee or compensation is fixed or allowed by law, an agreement to pay such fees, if not illegally extorted, is a perfectly valid one in law.

*General Term, January,* 1882.

*Before* Van Brunt *and* Beach, *JJ.*

Appeal by defendant from judgment of the third district court for the sum of seventy-three dollars and eighteen cents. Defendant, a city marshal, under an execution against the plaintiff, levied upon plaintiff's property. Plaintiff, to prevent removal, entered into agreement with defendant to allow a keeper to remain in charge, agreeing to pay him three dollars per day. Upon settlement of the execution plaintiff paid defendant the keeper's fees under protest, and then sued for treble the amount so paid, under the statute. The justice of the third district court set the agreement aside as void, and gave judgment for full amount.

*Montague L. Marks,* for plaintiff and respondent.

*Nathan L. Hahn,* for defendant and appellant.

Per Curiam. — The question in regard to the illegality of the agreement for keeper's fees seems to have been disposed of in a previous action; and the objection in respect to the keeper's fees not being provided for by the terms of the statute has also been considered, and in that action it was held

Maguin agt. Rosenthal.

that because it was not a service for which any fee or compensation was fixed or allowed by law, that for that reason it was not within the terms of the statute prohibiting sheriffs, &c., receiving any fee for services otherwise than authorized by law. It was also held that the statute was created for the purpose of preventing the taking of unlawful advantage or oppression. Where it appeared that the fees charged for such services were demanded by virtue of the office, and resulted in a wrongful use of the office in exacting an agreement of that description, then it would be illegal and then could be recovered back.

It is true there was evidence in this case upon that point; it is equally true that it appears that the justice did not consider that evidence in any respect, but decided entirely upon the illegality of the agreement; and he did not pass at all upon the question as to whether the agreement had been extorted by the use of the authority of the marshal or not, or whether it was an entirely voluntary agreement or an offer to pay for the services. Therefore it would not be just to the defendant that the judgment should be upheld upon any such ground as that.

As to the question of amount, the case is argued upon the theory that one of the exhibits of the defendant bearing the date of the seventh now bears the date of the sixth. That question the court cannot decide, because we do not know whether it had been altered before the return or not. That is a question which must be determined by the court below, whether it has been altered or not.

Under all the circumstances we cannot see that there is any reason why we should reduce the judgment. We think the agreement, unless extorted, was valid, and that the money paid for the services could be received. The judgment being rendered by the justice under a different theory, it must be reversed.

Judgment reversed.